**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPECTRANET TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>OPTIVER SERVICES B.V. AND COUNTY INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No. 1:26-cv-05857<br><br>Hon. Andrea R. Wood |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL ITS CORPORATE DISCLOSURE STATEMENT AND NOTIFICATION AS TO AFFILIATES**

Pursuant to Local Rule 26.2, Optiver Services B.V. and County Information Services, LLC (collectively, "Optiver"), by and through their undersigned counsel, move for an order permitting them to file under seal their Corporate Disclosure Statement and Notification as to Affiliates (the "Corporate Disclosure"). Plaintiff SpectraNet Technologies LLC does not oppose this motion.

Courts may seal documents when good cause exists. *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) ("[N]arrow, specific requests will be granted when based on articulated, reasonable concerns for confidentiality."). Good cause to seal can exist where public disclosure would harm a third party's privacy interests. *Hawes v. Macy's Stores W., Inc.*, No. 1:17-cv-00754, 2021 WL 5834293, at *2 (S.D. Ohio Dec. 9, 2021) ("The privacy concerns of third parties are yet another compelling justification for a seal."); *see also [Under Seal] v. [Under Seal]*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) ("A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests".). Courts have also found good cause where public disclosure would cause harm to a party's business. *Fed. Trade Comm'n v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *7 (N.D. Ill. Apr. 5, 2012) (finding good cause to seal an exhibit where "disclosure of the confidential information therein would harm [a party's] business while giving its competitors an unfair advantage."). Courts in this District, including this Court, have found good cause to seal corporate disclosure statements. *E.g.*, *Bling Mirror LLC v. Guangzhou Shengyang Leather Goods Co.*, No. 1:25-cv-10024 (N.D. Ill. Jan. 22, 2026), Dkt. 40; *Martell v. X Corp.*, No. 1:23-cv-05449 (N.D. Ill. Aug. 16, 2023), Dkt. 12.

Optiver's Corporate Disclosure, in compliance with Local Rule 3.2, identifies substantial personal financial information of non-parties who have greater than 5% direct or indirect ownership interests in Optiver. Here, good cause exists to seal the identities of these investors.

Optiver's investors are not parties to the litigation and expect that information regarding their investments will remain private. Optiver is a privately held entity and treats the identities of its investors as strictly confidential. Optiver's investors have an interest in maintaining this privacy and ensuring their financial dealings and investment decisions remain private. If this information were to become public, it could affect these investors' future potential business opportunities. For example, these non-parties could be prejudiced in future negotiations if their ownership interests in Optiver were made public. These interests of Optiver's non-party owners constitute good cause to seal. *See, e.g.*, *Bling Mirror*, No. 1:25-cv-10024, Dkt. 40.

Furthermore, disclosing this information would harm Optiver. Optiver spent time and resources developing relationships with its investors, and it was done with an expectation of privacy. The disclosure of its investors would further reveal sensitive information regarding its sources of capital, fundraising strategy, and investor relationships. If disclosed publicly, this information would give an unfair advantage to Optiver's competitors, who could use it to target Optiver's investors and decipher and exploit Optiver's business strategy. *See OSF Healthcare Sys.*, 2012 WL 1144620, at *7. Those competitive harms also constitute good cause to seal.

WHEREFORE, Optiver respectfully requests that this Court allow Optiver to file under seal its Corporate Disclosure.

Dated: September 25, 2026

By: */s/ Steven J. Horowitz*

Steven J. Horowitz
shorowitz@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.7000

Brian A. Rosenthal (*pro hac vice*)
brosenthal@gibsondunn.com
Benjamin Hershkowitz (*pro hac vice*)
bhershkowitz@gibsondunn.com
Alena Farber (*pro hac vice*)
afarber@gibsondunn.com
Michelle J. Zhu (*pro hac vice*)
mzhu@gibsondunn.com
Talus Iorio-Ronek (*pro hac vice*)
tiorio-ronek@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Ting-Wei Chiang (*pro hac vice*)
atchiang@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500
Facsimile: 202.831.6106

Al Suarez (*pro hac vice*)
asuarez@gibsondunn.com
Julia Tabat
jtabat@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3100

*Attorneys for Defendants Optiver Services B.V. and County Information Services, LLC*