# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPECTRANET TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>OPTIVER SERVICES B.V. and COUNTY INFORMATION SERVICES, LLC,<br><br>Defendants. | Civil Action No. 1:26-cv-05857<br><br>**JURY TRIAL DEMANDED** |

**<u>SPECTRANET TECHNOLOGIES LLC'S RULE 26 INITIAL DISCLOSURES</u>**

Plaintiff SpectraNet Technologies LLC ("Plaintiff" or "SpectraNet") makes the following Initial Disclosures pursuant to the Federal Rules of Civil Procedure 26(a)(1)(i-iv), and Local Patent Rule 2.1 of the United States District Court for the Northern District of Illinois. These disclosures are based upon information currently and reasonably available to SpectraNet, which may be used to support SpectraNet's claims or defenses. Accordingly, SpectraNet expressly reserves the right to clarify, alter, amend, modify, or supplement the information contained in these disclosures.

By making these Initial Disclosures, SpectraNet does not represent that it is identifying every document, item of electronically stored information, tangible thing, or witness that may be used to support SpectraNet's claims. Rather, SpectraNet's disclosures represent a good faith effort to identify information it reasonably believes it may use to support its claims.

These Initial Disclosures do not constitute a waiver of any objections SpectraNet may have, now or in the future, to any discovery in this action. SpectraNet expressly reserves any and all objections that it had, has, or may ever have, including, but not limited to, objections based upon attorney-client privilege; work-product immunity; any other applicable privilege or

immunity under federal or state law; relevance; competency; hearsay; immateriality; overbreadth; and undue burden or harassment.

SpectraNet's investigation in this regard is ongoing. SpectraNet therefore expressly reserves the right to identify or call as witnesses other individuals in addition to those identified herein, and to identify additional documents, electronically stored information, and/or tangible things, if discovered that such individuals have or might have knowledge of matters relevant to this action or that such additional documents, electronically stored information, and/or tangible things are relevant to this action. Accordingly, SpectraNet reserves the right to supplement these Initial Disclosures to add additional information, witnesses, documents and things that become known. In addition, to the extent information in SpectraNet's interrogatory responses and/or expert reports may be pertinent to SpectraNet's Initial Disclosure obligations, such information is incorporated herein by reference.

SpectraNet also expressly reserves the right to identify or call expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2), and any scheduling order entered in this action. SpectraNet further states that nothing in these Initial Disclosures is an admission on the part of SpectraNet regarding any matter.

## I. INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)

### A. **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

| Witness | Connection to Case | Potential Area(s) of Knowledge | Contact |
|---|---|---|---|
| Jeffrey C. Adams | Inventor of the Patents-in-Suit | Mr. Adams is believed to have knowledge of at least the invention, conception, reduction to practice, and prosecution of the Patents-in-Suit. | Mr. Adams may be contacted through Plaintiff's counsel. |
| Luke McLeroy | CEO of SpectraNet Technologies LLC | Mr. McLeroy is believed to have knowledge related to the structure and/or operations of SpectraNet and its business, and the ownership of the Patents-in-Suit. | Mr. McLeroy may be contacted through Plaintiff's counsel. |
| Chin IP, PLLC | Prosecuting law firm | Prosecution of the Patents-in-Suit. | Chin IP, PLLC may be contacted through Plaintiff's counsel. |
| Current and former employees of Optiver Services B.V.; County Information Services, LLC; and related or affiliated entities | Defendants and related or affiliated entities | At least matters related to infringement and Defendants' knowledge of and scienter concerning infringement, including willful infringement of the Patents-in-Suit; acts undertaken to induce infringement of the Patents-in-Suit; financial information related to the accused instrumentalities. | Through Defendants' counsel. |

Additionally, SpectraNet incorporates by reference all individuals identified during discovery in this action, including Defendants' Initial Disclosures, responses to interrogatories posed by the parties, and documents produced by the parties and third parties. SpectraNet

expressly reserves the right to identify or call additional or different individuals as witnesses if, during the course of discovery and investigation relating to this case, SpectraNet learns that such additional or different individuals have relevant knowledge.

**B. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

SpectraNet provides below a description by category and location of documents in its possession, custody or control that it currently believes it may use to support its claims and/or defenses. By providing the following description of documents, SpectraNet does not waive its right to refrain from the production of any document in its possession, custody or control based on grounds of attorney-client privilege or work product immunity, or both, or which SpectraNet is prohibited from producing by reason of confidentiality agreement, or where production of such document would otherwise be unlawful. SpectraNet retains the right to object to any request for production which is overly broad, unduly burdensome, or seeks the production of documents that are not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these qualifications, SpectraNet discloses the following categories of documents and things:

1. The Patents-in-Suit and associated file histories;
2. Documents related to the ownership of the Patents-in-Suit;
3. Documents related to the construction of the Patents-in-Suit's claims;
4. Prior art documents and references cited in connection with the prosecution of the Patents-in-Suit;
5. Documents and things reflecting the conception and reduction to practice of the inventions disclosed and claimed in the Patents-in-Suit;
6. Documents reflecting SpectraNet's ownership and corporate structure.

7. Documents related to the operation of the accused instrumentalities.

8. Documents related to Defendants' accused instrumentalities and underlying technology, design, and development of the accused instrumentalities.

9. Documents related to Defendants' knowledge of the Patents-in-Suit.

10. Financial and licensing information pertaining to the Defendants' business.

11. SpectraNet has produced and will produce infringement contentions and documents cited therein and associated therewith, as required by the Court's Local Rules in accordance with the schedule set by the Court and those disclosures and documents are incorporated herein by reference.

12. SpectraNet will submit expert disclosures in accordance with the schedule set forth by the Court and those disclosures are incorporated herein by reference.

These documents and things are located within SpectraNet's possession, or the possession and control of its attorneys, or within the possession and control of Defendants, Defendants' affiliates or related entities, Defendants' agents and/or Defendants' attorneys. SpectraNet also notes it may ultimately support its claims by means of additional categories of documents and things currently in the possession, custody, or control of third parties. SpectraNet's search for relevant documents is ongoing. Accordingly, SpectraNet reserves the right to amend/or supplement its disclosure of documents as they become available. By listing documents or categories of documents, SpectraNet does not waive its right to object to discovery requests to which any document or category of documents may be responsive. The identification of these categories does not constitute an admission that any documents within an identified category exist or are within the possession, custody, or control of SpectraNet.

SpectraNet also reserves the right to supplement this disclosure as other documents are identified and/or become relevant based on Defendants' initial and subsequent disclosures and discovery responses and/or any documents or information that are developed or revealed as discovery continues.

**C. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

SpectraNet seeks damages adequate to compensate it for Defendants' infringement of the Patents-in-Suit, including all past, continuing, and future infringement up until the date such judgment is entered, together with prejudgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and an accounting to determine the full extent of infringement, including infringing sales, instrumentalities, and/or services.

In addition to seeking damages, SpectraNet will also seek such other and further relief as this Court deems just and equitable including, but not limited to, an injunction barring Defendants from further infringement. Alternatively, a judicial decree may be sought for Defendants to pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment.

Per the statute, SpectraNet will seek damages under 35 U.S.C. § 284 adequate to compensate for the Defendants' infringement of the claims of the Patents-in-Suit, no less than a reasonable royalty, together with interest and costs. However, SpectraNet additionally and specifically reserves the right to pursue patent damages in the form of lost profits.

SpectraNet also reserves the right to seek attorneys' fees pursuant to 35 U.S.C. § 285 if facts uncovered during discovery demonstrate that Defendants' infringement is willful, deliberate or in bad faith, making this an exceptional case, or as otherwise permitted by law.

SpectraNet cannot presently provide more specific or fully calculated damages based on reasonable royalties and/or lost profits, because such specific amounts rely significantly on financial information presently in Defendants' sole possession including, but not limited to, costs, gross sales, net sales, profits, and projected profits figures for the accused instrumentalities

and services, on a domestic and worldwide basis, which financial information has not yet been produced by Defendants. SpectraNet will provide more detailed damages calculations after receiving such information from Defendants, and after consulting a damages expert who will provide expert disclosures, including any amendments thereto. Such expert disclosures, when made, are hereby incorporated by reference in their entirety.

**D. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

SpectraNet is currently unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy any judgment.

## II. INITIAL DISCLOSURES PURSUANT TO LOCAL PATENT RULE 2.1(a)

**(a) A party asserting a claim of patent infringement shall produce or make the following available for inspection and copying along with its Initial Disclosures, to the extent they are in the party's possession, custody or control.**

**(1) all documents concerning any disclosure, sale or transfer, or offer to sell or transfer, of any item embodying, practicing or resulting from the practice of the claimed invention prior to the date of application for the patent in suit. Production of a document pursuant to this Rule is not an admission that the document evidences or is prior art under 35 U.S.C. § 102;**

After a reasonable search of documents within its possession, custody, or control, SpectraNet has not located any non-privileged documents responsive to this category. SpectraNet's investigation is continuing, and it will supplement this disclosure pursuant to Fed. R. Civ. P. 26(e) if additional responsive documents are identified.

**(2) with respect to patents that are not governed by the America Invents Act ("AIA") but instead are governed by the pre-AIA patent statute: all documents concerning the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or a priority date otherwise identified for the patent in suit, whichever is earlier;**

After a reasonable search of documents within its possession, custody, or control, SpectraNet has not located any non-privileged documents responsive to this category, other than Provisional Application No. 61/675,288, which is being produced in response to category (3). SpectraNet's investigation is continuing, and it will supplement this disclosure pursuant to Fed. R. Civ. P. 26(e) if additional responsive documents are identified.

**(3) all communications to and from the U.S. Patent and Trademark Office for each patent in suit and for each patent or patent application on which a claim for priority is based; and**

SPECTRANET-000001–SPECTRANET-001380; SPECTRANET-001381–SPECTRANET-001400; SPECTRANET-001401–SPECTRANET-00001941; SPECTRANET-001942–SPECTRANET-001961; SPECTRANET-001962–SPECTRANET-002538; SPECTRANET-002539–SPECTRANET-002558; SPECTRANET-002559–SPECTRANET-002703; SPECTRANET-002704–SPECTRANET-002966; and SPECTRANET-002967–SPECTRANET-003029.

**(4) all documents concerning ownership of the patent rights by the party asserting patent infringement.**

SPECTRANET-003030–SPECTRANET-003033; SPECTRANET-003034–SPECTRANET-003075; and SPECTRANET-003076–SPECTRANET-003078.

Dated: October 9, 2026

/s/ *Charles C. Koole*
Paul J. Skiermont (IL Bar No. 6278464)
Kevin P. Potere (TX Bar No. 24100658)
Michael D. Ricketts (TX Bar No. 24079208)
**SKIERMONT DERBY LLP**
1601 Elm Street, Suite 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
kpotere@skiermontderby.com
mricketts@skiermontderby.com

Charles C. Koole (CA Bar No. 259997)
**SKIERMONT DERBY LLP**
633 West Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213) 788-4501
ckoole@skiermontderby.com

*Attorneys for Plaintiff*
SpectraNet Technologies LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 9, 2026, counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ Charles C. Koole*