**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPECTRANET TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>OPTIVER SERVICES B.V. and COUNTY INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No. 1:26-cv-05857<br><br>Hon. Andrea R. Wood<br><br>**HEARING REQUESTED** |

**DEFENDANTS OPTIVER SERVICES B.V. AND COUNTY INFORMATION SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS WILLFUL AND INDUCED INFRINGEMENT**

## TABLE OF CONTENTS

Page

I. SPECTRANET DOES NOT ALLEGE PRE-SUIT INDUCEMENT OR WILLFULNESS ..... 1

II. SPECTRANET FAILS TO PLAUSIBLY ALLEGE INDUCED INFRINGEMENT ..... 1

III. SPECTRANET FAILS TO PLAUSIBLY ALLEGE WILLFUL INFRINGEMENT ..... 2

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................2, 3

*Cascades AV LLC v. Evertz Microsystems LTD*,
No. 17 CV 7881, 2019 WL 172758 (N.D. Ill. Jan. 11, 2019)....................3

*Civix-DDI, LLC v. Cellco P'ship*,
387 F. Supp. 2d 869 (N.D. Ill. 2005)....................3

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
608 U.S. 580 (2026)....................2, 3

*Lyda v. CBS Corp.*,
838 F.3d 1331 (Fed. Cir. 2016)....................1

*Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
472 F. Supp. 3d 377 (E.D. Mich. 2020)....................2

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
528 F. Supp. 3d 247 (D. Del. 2021)....................3

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Asserted Patents | U.S. Patent Nos. 10,959,123, 11,516,694, and 12,414,002 |
| Complaint | Complaint for Patent Infringement (Dkt. No. 1) |
| Motion or Mot. | Defendants Optiver Services B.V. and County Information Services, LLC's Memorandum of Law in Support of Their Motion to Dismiss Willful and Induced Infringement (Dkt. No. 45) |
| Opposition or Opp. | Plaintiff SpectraNet Technologies LLC's Response in Opposition to Defendants' Motion to Dismiss Willful and Induced Infringement (Dkt. No. 57) |
| Optiver or Defendants | Defendants Optiver Services B.V. and County Information Services, LLC |
| SpectraNet or Plaintiff | Plaintiff SpectraNet Technologies LLC |

SpectraNet's claims for induced and willful infringement rely on knowledge of the Asserted Patents that Defendants received solely from the filing of the Complaint. These allegations fail to state a claim for pre-suit willfulness or inducement, which SpectraNet concedes. Moreover, SpectraNet's conclusory statements that Defendants induce "other Defendants and/or related entities" confuse the requirements for induced infringement with joint infringement. *Hikma* makes clear that SpectraNet must allege that Defendants took affirmative steps to induce a *third-party* to infringe. But SpectraNet does not do so. Nor does SpectraNet identify any additional facts indicating that Defendants deliberately or intentionally infringed after the filing of this suit to plausibly allege willfulness. Both claims should be dismissed in their entirety.

## I. SPECTRANET DOES NOT ALLEGE PRE-SUIT INDUCEMENT OR WILLFULNESS

SpectraNet concedes that it did not plausibly allege pre-suit knowledge of the Asserted Patents or Defendants' alleged infringement. Opp. at 1, 5. Therefore, at a minimum, this Court should dismiss SpectraNet's claims for pre-suit willful and induced infringement.

## II. SPECTRANET FAILS TO PLAUSIBLY ALLEGE INDUCED INFRINGEMENT

SpectraNet appears to confuse its allegations of induced infringement, which accuses a defendant of inducing a third party to directly infringe, with joint infringement, which attributes the acts of multiple actors to a single entity. For example, SpectraNet alleges that Defendants "coordinated the entities and infrastructure that performed the accused methods . . . thereby encouraging and causing the infringing operation." Opp. at 3. But alleging that the various Optiver entities work together is more applicable to pleading whether "the actors form a joint enterprise" for joint infringement. *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citation omitted).

Otherwise, SpectraNet's cited cases predate *Hikma*. Opp. at 1–3. Per the Supreme Court's recent pronouncement, for induced infringement, a plaintiff must allege, in part, that the inducer

took "active steps . . . to encourage direct infringement" by the third party. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 587 (2026) (citation omitted). Reviewing the Complaint as a whole, SpectraNet's allegations are still limited to the three paragraphs Defendants originally identified. Mot. at 1 (citing Dkt. No. 1 ¶¶ 72, 92, 112). SpectraNet now incorporates its allegations for joint infringement to argue that it alleged "affirmative inducement" because Defendants coordinated amongst themselves. Opp. at 3. Again, this confuses the pleading requirements for induced infringement with those for joint infringement. Nor does SpectraNet identify any case law indicating that such coordination sufficiently alleges inducement.

SpectraNet also effectively concedes that no "third part[y]" uses the claimed methods, in arguing that Defendants coordinated to perform the accused methods. Opp. at 2–3. The "third parties" identified in the Complaint are "other Defendants and/or related entities." Compl. ¶ 72. Defendants cannot induce themselves or an unknown related entity to infringe. *See Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 385 (E.D. Mich. 2020) (concluding, in part, that complaint was deficient where it did not identify "any person or entity" that defendants induced). The "conclusory statement[]" that Defendants induce a "related entit[y]" to infringe, without any further factual support, cannot overcome this motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. SPECTRANET FAILS TO PLAUSIBLY ALLEGE WILLFUL INFRINGEMENT

SpectraNet argues that it sufficiently pleads post-suit willfulness because it alleged that Defendants "have been aware of the patent [sic] 'at least since the filing of this lawsuit.'" Opp. at 3–4. Receiving notice of the Asserted Patents and the alleged infringement from the filing of a complaint, however, is simply not sufficient to allege willfulness in light of *Hikma*, which postdates SpectraNet's cited cases on willfulness. While *Hikma* directly addresses the pleading requirements for induced infringement, it also emphasizes that the federal pleading standard

requires "more than a sheer possibility that a defendant has acted unlawfully." 608 U.S. at 589 (citation omitted). In particular, a plaintiff must plead facts that allow a court to "rule out 'obvious alternative explanation[s]' for the defendant's conduct." *Id.* at 590 (citation omitted). As explained above, for inducement, *Hikma* requires pleading that a defendant took "active steps" to encourage infringement, which reflects a defendant's culpable state of mind. *Id.* at 587. Moreover, these "active steps" cannot be "ordinary acts incident to product distribution." *Id.* at 590.

A similar standard should apply to willfulness, as alleging intent solely from the filing of a complaint does not indicate that a defendant is deliberately infringing. *ZapFraud* correctly applies the federal pleading standard, especially in light of *Hikma*. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 252 (D. Del. 2021). Even though *Civix-DDI* is not procedurally analogous, it confirms that more should be required to allege willfulness, as a defendant who "presents legitimate defenses and did not know of the asserted patents until the filing of suit" does not demonstrate "a culpable state of mind." *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 903 (N.D. Ill. 2005) (citation omitted). SpectraNet's conclusory allegation that Defendants' infringement is "willful, egregious, wanton, deliberate, and in flagrant disregard" is the exact kind of "[t]hreadbare recital[]" that does not suffice. *Iqbal*, 556 U.S. at 678.

SpectraNet's reliance on *Cascades* is also misplaced. Opp. at 5. There, the Court declined to address whether a plaintiff needed to plead egregious conduct because it concluded that the plaintiff sufficiently did so since it alleged that the defendant declined to respond to plaintiff's notices and attempts to discuss the patents. *Cascades AV LLC v. Evertz Microsystems LTD*, No. 17 CV 7881, 2019 WL 172758, at *11 (N.D. Ill. Jan. 11, 2019). Unlike the plaintiff in *Cascades*, SpectraNet does not plead more to warrant preserving this claim for any discovery.

Thus, this Court should dismiss SpectraNet's claims for willful and induced infringement.

Dated: November 6, 2026

By: */s/ Steven J. Horowitz*

Steven J. Horowitz
shorowitz@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.7000

Brian A. Rosenthal (*pro hac vice*)
brosenthal@gibsondunn.com
Benjamin Hershkowitz (*pro hac vice*)
bhershkowitz@gibsondunn.com
Alena Farber (*pro hac vice*)
afarber@gibsondunn.com
Michelle J. Zhu (*pro hac vice*)
mzhu@gibsondunn.com
Talus Iorio-Ronek (*pro hac vice*)
tiorio-ronek@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Ting-Wei Chiang (*pro hac vice*)
atchiang@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500
Facsimile: 202.831.6106

Al Suarez (*pro hac vice*)
asuarez@gibsondunn.com
Julia Tabat
jtabat@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3100

*Attorneys for Defendants Optiver Services B.V. and County Information Services, LLC*